IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| METARAIL, INC., | ) |
| Plaintiff, | ) ) ) ) C.A. No. _____ |
| v. | ) ) ) **DEMAND FOR JURY TRIAL** |
| GOOGLE LLC, | ) ) |
| Defendant. | ) ) ) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Metarail, Inc. ("Metarail" or "Plaintiff")[1] files this Complaint against Defendant Google LLC ("Google" or "Defendant"), and in support thereof alleges as follows:

**INTRODUCTION**

1. This Complaint arises from Google's unlawful infringement of the following United States Patents owned by Metarail: United States Patent Nos. 9,633,378 (the "'378 patent"), 10,152,734 (the "'734 patent"), 10,262,342 (the "'342 patent") and 10,789,626 (the "'626 patent") (collectively the "Asserted Patents").

2. One of the inventors of the Asserted Patents, Narenda Nath, founded Wayfare Interactive in 2010. The company rebranded as Metarail in 2017. *See* https://www.metarail.com/. Metarail's clients have included Expedia Group, Yahoo!, GoDaddy, Tripadvisor, Travelocity, Progressive, Kayak, and Assurance among others. Exhibit A. The technological foundation of the

---

[1] Metarail does business as MetaRail.

company and its products is Metarail's patented deep-linking technology. *Id.* Because Google is using Metarail's technology without authorization, Metarail files this suit.

## THE PARTIES

3. Metarail is a Delaware corporation with a principal place of business at 1030 E Hwy 377, Unit #110, Suite 211, Granbury, TX 76048.

4. On information and belief, Google is a Delaware limited liability company and is registered to do business in the State of Delaware. Google may be served via its registered agent, Corporation Service Company, located at 251 Little Falls Drive, Wilmington, Delaware 19808.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the patent laws of the United States. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a), 15 U.S.C. § 1121, and 28 U.S.C. § 1367(a).

6. This Court has personal jurisdiction over Google because, on information and belief, Google conducts business in and has committed acts of patent infringement in this District and has established minimum contacts with this forum state such that the exercise of jurisdiction over Google would not offend traditional notions of fair play and substantial justice. Google resides in this District. On information and belief, Google offers products and/or services, including those accused herein of infringement, to customers and potential customers located in this District.

7. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b). Google resides in this District. Google has chosen to incorporate in the state of Delaware, thereby receiving the benefits offered to Delaware companies. Google must accordingly assume responsibilities to Delaware and its citizens.

8. Further, on information and belief, Google has offered and sold, and continues to offer

and sell, its infringing products and services in this District. On information and belief, Google uses, distributes, sells, and/or offers to sell the infringing products and services to consumers and businesses in this District.

9. On information and belief, Google is a company with global reach and annual revenue in the billions of dollars. Google accordingly cannot reasonably claim it would be inconvenient to litigate in the forum in which it is incorporated.

## FIRST COUNT

## (INFRINGEMENT OF U.S. PATENT NO. 9,633,378)

10. Metarail incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

11. Metarail owns by assignment, all rights, title, and interest, including the right to recover damages for past, present and future infringement, in the '378 patent titled "Deep-Linking System, Method and Computer Program Product for Online Advertisement and E-Commerce." The '378 patent was duly and legally issued by the United States Patent and Trademark Office on April 25, 2017. A true and correct copy of the '378 patent is attached as Exhibit B.

12. On information and belief, Google has directly infringed and continues to directly infringe one or more claims of the '378 patent, including at least claim 1 of the '378 patent, in the state of Delaware, in this judicial district, and elsewhere in the United States by, among other things, making, using, selling, offering for sale, and/or importing into the United States products that practice one or more of the inventions claimed in the '378 patent, including but not limited to Google's computer systems for implementing the functionality described in Exhibit C, including Google's computer systems for generating certain deep-linked Google Ads ("Accused Instrumentalities"), as well as all reasonably similar products, in violation of 35 U.S.C. § 271(a).

13. The Accused Instrumentalities satisfy all claim limitations of one or more claims of the '378 patent. A claim chart comparing exemplary independent claim 1 of the '378 patent to representative functionality of the Accused Instrumentalities is attached as Exhibit C.

14. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Google has injured Metarail and is liable for infringement of the '378 patent pursuant to 35 U.S.C. § 271(a).

15. As a result of Google's infringement of the '378 patent, Metarail is entitled to monetary damages (past, present and future) in an amount adequate to compensate for Google's infringement, but in no event less than a reasonable royalty for the use made of the invention by Google, together with interest and costs as fixed by the Court.

16. Google's acts of direct infringement have caused and continue to cause damage to Metarail. Metarail is entitled to damages in accordance with 35 U.S.C. §§ 271, 281, and 284 sustained as a result of Google's wrongful acts in an amount to be proven at trial.

## SECOND COUNT
## (INFRINGEMENT OF U.S. PATENT NO. 10,152,734)

17. Metarail incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

18. Metarail owns by assignment, all rights, title, and interest, including the right to recover damages for past, present and future infringement, in the '734 patent titled "Systems, Methods and Computer Program Products for Mapping Field Identifiers From And To Deliver Service, Mobile Storefront, Food Truck, Service Vehicle, Self-Driving Car, Delivery Drone, Ride-Sharing Service or In-Store Pickup Integrated Shopping, Deliver, Returns Or Refunds." The '734 patent was duly and legally issued by the United States Patent and Trademark Office on December

11, 2018. A true and correct copy of the '734 patent is attached as Exhibit D.

19. On information and belief, Google has directly infringed and continues to directly infringe one or more claims of the '734 patent, including at least claim 1 of the '734 patent, in the state of Delaware, in this judicial district, and elsewhere in the United States by, among other things, making, using, selling, offering for sale, and/or importing into the United States products that practice one or more of the inventions claimed in the '734 patent, including but not limited to Google's computer systems for implementing the functionality described in Exhibit E, including but not limited to computer systems for generating certain deep-linked Google Ads ("Accused Instrumentalities"), as well as all reasonably similar products, in violation of 35 U.S.C. § 271(a).

20. The Accused Instrumentalities satisfy all claim limitations of one or more claims of the '734 patent. A claim chart comparing exemplary independent claim 1 of the '734 patent to representative functionality of the Accused Instrumentalities is attached as Exhibit E.

21. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Google has injured Metarail and is liable for infringement of the '734 patent pursuant to 35 U.S.C. § 271(a).

22. As a result of Google's infringement of the '734 patent, Metarail is entitled to monetary damages (past, present and future) in an amount adequate to compensate for Google's infringement, but in no event less than a reasonable royalty for the use made of the invention by Google, together with interest and costs as fixed by the Court.

23. Google's acts of direct infringement have caused and continue to cause damage to Metarail. Metarail is entitled to damages in accordance with 35 U.S.C. §§ 271, 281, and 284 sustained as a result of Google's wrongful acts in an amount to be proven at trial.

## THIRD COUNT

## (INFRINGEMENT OF U.S. PATENT NO. 10,262,342)

24. Metarail incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

25. Metarail owns by assignment, all rights, title, and interest, including the right to recover damages for past, present and future infringement, in the '342 patent titled "Deep-Linking System, Method and Computer Program Product for Online Advertisement and E-Commerce." The '342 patent was duly and legally issued by the United States Patent and Trademark Office on April 16, 2019. A true and correct copy of the '342 patent is attached as Exhibit F.

26. On information and belief, Google has directly infringed and continues to directly infringe one or more claims of the '342 patent, including at least claim 1 of the '342 patent, in the state of Delaware, in this judicial district, and elsewhere in the United States by, among other things, making, using, selling, offering for sale, and/or importing into the United States products that practice one or more of the inventions claimed in the '342 patent, including but not limited to Google's computer systems for implementing the functionality described in Exhibit G, including but not limited to computer systems for generating certain deep-linked Google Ads ("Accused Instrumentalities"), as well as all reasonably similar products, in violation of 35 U.S.C. § 271(a).

27. The Accused Instrumentalities satisfy all claim limitations of one or more claims of the '342 patent. A claim chart comparing exemplary independent claim 1 of the '342 patent to representative functionality of the Accused Instrumentalities is attached as Exhibit G.

28. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Google has injured Metarail and is liable for infringement of the '342 patent pursuant to 35 U.S.C. § 271(a).

29. As a result of Google's infringement of the '342 patent, Metarail is entitled to monetary damages (past, present and future) in an amount adequate to compensate for Google's infringement, but in no event less than a reasonable royalty for the use made of the invention by Google, together with interest and costs as fixed by the Court.

30. Google's acts of direct infringement have caused and continue to cause damage to Metarail. Metarail is entitled to damages in accordance with 35 U.S.C. §§ 271, 281, and 284 sustained as a result of Google's wrongful acts in an amount to be proven at trial.

## FOURTH COUNT

### (INFRINGEMENT OF U.S. PATENT NO. 10,789,626)

31. Metarail incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

32. Metarail owns by assignment, all rights, title, and interest, including the right to recover damages for past, present and future infringement, in the '626 patent titled "Deep-Linking System, Method and Computer Program Product for Online Advertisement and E-Commerce." The '626 patent was duly and legally issued by the United States Patent and Trademark Office on September 29, 2020. A true and correct copy of the '626 patent is attached as Exhibit H.

33. On information and belief, Google has directly infringed and continues to directly infringe one or more claims of the '626 patent, including at least claim 1 of the '626 patent, in the state of Delaware, in this judicial district, and elsewhere in the United States by, among other things, making, using, selling, offering for sale, and/or importing into the United States products that practice one or more of the inventions claimed in the '626 patent, including but not limited to Google's computer systems for implementing the functionality described in Exhibit I, including but not limited

to computer systems for generating certain deep-linked Google Ads ("Accused Instrumentalities"), as well as all reasonably similar products, in violation of 35 U.S.C. § 271(a).

34. The Accused Instrumentalities satisfy all claim limitations of one or more claims of the '626 patent. A claim chart comparing exemplary independent claim 1 of the '626 patent to representative functionality of the Accused Instrumentalities is attached as Exhibit I.

35. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Google has injured Metarail and is liable for infringement of the '626 patent pursuant to 35 U.S.C. § 271(a).

36. As a result of Google's infringement of the '626 patent, Metarail is entitled to monetary damages (past, present and future) in an amount adequate to compensate for Google's infringement, but in no event less than a reasonable royalty for the use made of the invention by Google, together with interest and costs as fixed by the Court.

37. Google's acts of direct infringement have caused and continue to cause damage to Metarail. Metarail is entitled to damages in accordance with 35 U.S.C. §§ 271, 281, and 284 sustained as a result of Google's wrongful acts in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Metarail prays for judgment and seeks relief against Google as follows:

A. For judgment that Google has infringed one or more claims of the Asserted Patents, either literally and/or under the doctrine of equivalents;

B. For judgment awarding Metarail damages adequate to compensate it for Google's infringement of the Asserted Patents, including all pre-judgment and post-judgment interest as well as an award of mandatory future royalties for continuing infringement;

C. For judgment awarding enhanced damages pursuant to 35 U.S.C. § 284;

D. For judgment awarding attorneys' fees pursuant to 35 U.S.C. § 285 or otherwise permitted by law;

E. For judgment awarding costs of suit; and

F. For judgment awarding Metarail such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure Metarail hereby demands a trial by jury of this action.

ASHBY & GEDDES

/s/ *Andrew C. Mayo*

*Of Counsel:*

Marc Belloli
M. Elizabeth Day
Jerry D. Tice II
Richard C. Lin
Hillary N. Bunsow
Michael E. Flynn-O'Brien
BUNSOW DE MORY LLP
701 El Camino Real
Redwood City, CA 94063
(650) 351-7248
mbelloli@bdiplaw.com
eday@bdiplaw.com
jtice@bdiplaw.com
rlin@bdiplaw.com
hillarybunsow@bdiplaw.com
mflynnobrien@bdiplaw.com

John G. Day (#2403
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
jday@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Plaintiff*

Dated:  October 6, 2023